IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLORENCE MASON** and **CLIFTON MASON,** | : : | CIVIL ACTION |
| *Petitioners,* | : : | |
| v. | : : | |
| **PENNYMAC MORTGAGE LLC, et al.,** | : : | No. 24-cv-5020 |
| *Respondents.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                           **May 12, 2025**

Before this Court is Florence Mason's Petition for a Writ of Habeas Corpus, Petition for a Writ of Mandamus, and Motion to Open and Vacate a Judgment under Federal Rule of Civil Procedure 60 (ECF No. 7).  Ms. Mason seeks this relief, among other reasons, based on her claim that she has received inadequate notice of filings.  Ms. Mason also requests a remote hearing (ECF No. 8).  For the reasons explained below, this Court will dismiss the Petition for a Writ of Habeas Corpus, deny the Petition for a Writ of Mandamus, and deny the Motion to Vacate a Judgment.  Because the above ruling will resolve all pending petitions and motions, Ms. Mason's request for a remote hearing is denied as moot.

**Should Ms. Mason seek any further relief under Federal Rule of Civil Procedure 60(b)** from the decision by Judge Diamond to dismiss her bankruptcy appeal and deny her motion for reconsideration in Case No. 24-cv-4793, **Ms. Mason is directed to file that request for relief on the docket for Case No. 24-cv-4793.**

**I.        BACKGROUND**

As relevant to this case, Petitioner Florence Mason, proceeding without an attorney, was previously involved in a foreclosure action in the Court of Common Pleas of Chester County.  *See*

1

Powers Kirn, LLC's Response to Motion for Sanctions at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. May 24, 2024) (discussing the state court foreclosure action). In connection with that foreclosure action, Ms. Mason petitioned for Chapter 13 bankruptcy at least twice in bankruptcy court. *See* Petition for Bankruptcy at 3, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. Apr. 17, 2024); Petition for Bankruptcy at 3, *In re Mason*, No. 24-bk-12430 ((Bankr. E.D. Pa. July 15, 2024).

In her first bankruptcy petition, Ms. Mason listed both a home address—in Coatesville, PA—and a separate mailing address. Petition for Bankruptcy at 2, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. Apr. 17, 2024) ("If your mailing address is different from the one above, fill it in here."). Later, she filed a change-of-address form that requested that her filings be mailed to a third address, in Philadelphia, PA. Notice of Change of Address at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. June 6, 2024). Ms. Mason then filed a notice voluntarily dismissing the case, *see* Automatic Dismissal at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. July 15, 2024), and her first bankruptcy petition was dismissed. Order Dismissing Chapter 13 Case at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. July 17, 2024).

In Ms. Mason's second bankruptcy petition, filed the same day as she voluntarily dismissed her first petition, Ms. Mason listed just one address—in Coatesville, PA—as her home and mailing address. *See* Petition for Bankruptcy at 2, *In re Mason*, No. 24-bk-12430 (Bankr. E.D. Pa. July 15, 2024). The bankruptcy court's certificates of notice indicate that Ms. Mason was sent filings to this address. *See, e.g.*, Certificate of Notice, *In re Mason*, No. 24-bk-12430 (Bankr. E.D. Pa. July 19, 2024). After a hearing, Ms. Mason's second bankruptcy petition was dismissed, and she was barred from filing for bankruptcy without prior leave of court for two years. Order Dismissing Chapter 13 Case, *In re Mason*, No. 24-bk-12430 (Bankr. E.D. Pa. Aug. 22, 2024).

Though Ms. Mason appears to have appealed at least several orders in her bankruptcy

cases, as relevant here, she appealed the denial of her second bankruptcy petition to the district court. *See* Certificate of Appeal at 1, No. 24-cv-4793 (E.D. Pa. Sept. 11, 2024). A mailing address for Ms. Mason in Coatesville, PA, and an email address, appear on the district court docket. *See generally* No. 24-cv-4793 (E.D. Pa.). The appeal was before Judge Diamond, who dismissed Ms. Mason's appeal as untimely and denied her motion for reconsideration. *See* Order at 1, *In re Mason*, No. 24-cv-4793 (E.D. Pa. Dec. 27, 2024); Order at 1, *In re Mason*, No. 24-cv-4793 (E.D. Pa. Feb. 26, 2025). On March 27, 2025, Ms. Mason appealed Judge Diamond's denial of the motion for reconsideration to the U.S. Court of Appeals for the Third Circuit. *See* Notice of Appeal at 1, No. 24-cv-4793 (E.D. Pa. Mar. 27, 2025). Her Third Circuit appeal is still pending. *See generally* No. 25-1615 (3d Cir.).

While her Third Circuit appeal was pending, Ms. Mason filed the instant Petitions and Motion on this Court's docket. *See* ECF No. 7 at 1.

## II.   DISCUSSION

Before this Court, Ms. Mason petitions for a writ of habeas corpus and a writ of mandamus and moves to vacate a judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 7 at 1. Ms. Mason appears to seek this relief in connection with the above bankruptcy court proceedings and appeal before Judge Diamond. *See id.* at 6, 9–10. She argues that she did not receive proper notice of filings in bankruptcy court and in the district court. *Id.* at 7–10. In connection with that, she argues that case administrators "intentionally lied," that the Clerk of Court intentionally withheld documents, that Judge Diamond prematurely dismissed her case, and that judges and attorneys "had colluded" in her case. *Id.* at 6–8. She also claims that there was fraud in the foreclosure action that took place in the Court of Common Pleas of Chester County. *See id.* at 10. Lastly, she requests a remote hearing. ECF No. 8 at 4. Because Ms. Mason is proceeding without an attorney, this Court construes her filings liberally. *See Liggon-Redding v. Estate of Sugarman*,

3

659 F.3d 258, 265 (3d Cir. 2011).

### A. Petition for a Writ of Habeas Corpus

This Court dismisses Ms. Mason's Petition for a Writ of Habeas Corpus because an individual must be "in custody"—for example, in prison—to seek this relief. *See* 28 U.S.C. § 2254; *see also* 28 U.S.C. § 2241. However, nothing indicates that Ms. Mason is in prison; instead, she claims to reside at a residential address. *See* ECF No. 7 at 8. She also does not appear to be on parole, have her freedom significantly restrained by the state (for example, by being subject to restrictions on her ability to travel), or otherwise be in custody. *See Piasecki v. Ct. of C.P., Bucks Cnty.*, 917 F.3d 161, 166, 173 (3d Cir. 2019). Though Ms. Mason argues that custody can mean "mere power" over someone, ECF No. 7 at 14, the Third Circuit has not taken such an expansive position on what custody means in the context of habeas corpus petitions. *See id.* Indeed, Ms. Mason has already filed a petition for a writ of habeas corpus on this docket, ECF No. 1 at 1, which this Court dismissed on this same ground, ECF No. 4 at n.3. Ms. Mason's Petition for a Writ of Habeas Corpus is therefore dismissed. *See* U.S. Cts., Rules Governing Section 2254 and Section 2255 Proceedings, at 3 (2019) (where "it plainly appears from the petition" that "the petitioner is not entitled to relief," the court "must dismiss the petition").

### B. Petition for a Writ of Mandamus

The Petition for a Writ of Mandamus is likewise denied. Writs of mandamus are typically issued only by higher courts, such as a court of appeals, to lower courts, such as the district court. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 88 (3d Cir. 1992). As a district court, this Court therefore lacks authority to issue a writ of mandamus, at the very least with respect to Judge Diamond. *See Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986) ("A writ of mandamus may be issued only by a superior court . . . .").

Regardless, a writ of mandamus is considered an "extraordinary remedy," granted very

rarely, and it is only available if there are "no other adequate means to obtain relief." *See In re Baldwin*, 700 F.3d 122, 127 (3d Cir. 2012). Thus, a petition for a writ of mandamus may not be granted "if a petitioner can obtain relief by way of an appeal." *In re Huertas*, 779 F. App'x 77, 79 (3d Cir. 2019). Here, Ms. Mason has a pending appeal of Judge Diamond's ruling before the Third Circuit. Therefore, she has other means "to obtain relief." *See Baldwin*, 700 F.3d at 127.

### C. Motion to Vacate Judgment Under Federal Rule of Civil Procedure Rule 60

Lastly, Ms. Mason seeks to vacate a judgment under Federal Rule of Civil Procedure 60(b), and she also cites in passing to Rule 60(d).[1] *See* ECF No. 7 at 1, 4, 14–15. Under Federal Rules of Civil Procedure 60(b), a court may vacate a judgment in a case due to factors such as a "mistake," "newly discovered evidence," "fraud," or that "the judgment is void." Fed. R. Civ. P. 60(b). The Court may also grant relief under Rule 60(b) for a reason that presents "extraordinary circumstances." *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). Ms. Mason specifically argues that the judgments here are fraudulent and void, *see* Fed. R. Civ. P. 60(b)(3)–(4), because she received inadequate notice of filings in her bankruptcy court proceedings and appeal. *See* ECF No. 7 at 6, 8–9, 25. She claims that the bankruptcy court intentionally sent her filings to a street number and street name in Philadelphia, PA, when that same street and number were actually located in Coatesville, PA. *See id.* at 8–9, 25. She also asserts that she never received Judge Diamond's show cause order during her appeal from bankruptcy court. *Id.* at 7.

First, Ms. Mason is seeking relief under Rule 60(b) on this docket from judgments entered in a different case. The Supreme Court has concluded that this type of "independent action" under Rule 60 to set aside a judgment from a different case is permitted only in a very limited set of

---

[1] This Court reads Ms. Mason's petition to be challenging several judgments: Judge Diamond's dismissal of her bankruptcy appeal upon denying her motion for reconsideration, and the bankruptcy court's dismissal of both of her bankruptcy petitions.

circumstances—"to prevent a grave miscarriage of justice."[2] *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see also Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017) (distinguishing between an independent action to vacate a judgment and situations in which a party "will file a motion in the original action" under Rule 60(b)).

From a review of the record, it appears that Ms. Mason may not have received at least some filings from the bankruptcy court in her first bankruptcy case. *See* ECF No. 7 at 25. These mailings listed Ms. Mason's street name and number (523 E. Chestnut) correctly but were sent to Philadelphia rather than Coatesville, Pennsylvania. *See id.* The mailings listed the same address (523 E. Chestnut) but in Coatesville, Pennsylvania as the return address. *See id.*

Though Ms. Mason is entitled to adequate notice as a litigant, the above does not appear to be the sort of "grave miscarriage of justice," that would allow this Court to vacate a judgment in another case, in light of several considerations. *See Beggerly*, 524 U.S. at 47. First, the bankruptcy court had a basis for mailing these filings to Philadelphia. Ms. Mason filed a change-of-address form in her first bankruptcy case that requested her mail to be sent to 523 E. Chestnut, Philadelphia, PA. Notice of Change of Address at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. June 6, 2024); *see also* ECF No. 7 at 20. It appears that the bankruptcy court sent at least two filings to that address—the address that Ms. Mason herself provided. *See* ECF No. 7 at 25. Ms. Mason now argues that she accidentally selected Philadelphia, PA, on the form and that she attached a sticky note to her change-of-address form that said, "Please Stamp and Return Copy to 523 E. Chestnut

---

[2] For this reason, this Court interprets Ms. Mason's motion under Rule 60(b) to be a motion under Rule 60(d), which addresses a court's authority to hear "an independent action to relieve a party from a judgment." Fed. R. Civ. P. 60(d); *see also* 12 James Wm. Moore et al., Moore's Federal Practice - Civil § 60.60 (3d ed. 2025) (noting that a Rule 60(b) motion ordinarily must be filed "in the action in which the judgment was rendered" (citation omitted)); *cf. Budget Blinds*, 536 F.3d at 251 (though declining to apply a categorical rule, holding that Rule 60(b) motions should generally be decided by the original court, rather than the court in which the judgment was registered, if the two differ).

Street, Coatesville, Pennsylvania." *See id.* at 8, 20. It may be for this reason that the bankruptcy court listed her Coatesville address as the return address.

Importantly, on the whole, Ms. Mason appears to have been given opportunities to participate in her bankruptcy proceedings and bankruptcy appeal. In her first bankruptcy case, the bankruptcy court's certificates of notice reflect that for a substantial part of the case, Ms. Mason was served with documents at her preferred address—a Rockland Street address that she listed as her mailing address in her bankruptcy petition, *see, e.g.*, Certificate of Notice at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. May 31, 2024), and later her Coatesville address, *see, e.g.*, Certificate of Notice at 1, *In re Mason*, No. 24-bk-11304 (Bankr. E.D. Pa. July 3, 2024). Moreover, a hearing was scheduled on Ms. Mason's change-of-address request to give her an opportunity to address any issues, though the hearing was ultimately continued several days before Ms. Mason voluntarily dismissed her case. *See* Minute Entry, *In re Mason*, No. 24-bk-12430 (Bankr. E.D. Pa. July 10, 2024). In her second bankruptcy case, all filings appear to have been mailed to the correct Coatesville, PA address. *See, e.g.*, Certificate of Notice, *In re Mason*, No. 24-bk-12430 (Bankr. E.D. Pa. July 19, 2024). Furthermore, Ms. Mason participated in hearings, *see, e.g.*, Judicial Notice at 10, 16, No. 24-bk-12430 (Bankr. E.D. Pa. Sept. 19, 2024) (discussion by Ms. Mason of what occurred at a hearing), and other parties appear to have served filings to the Coatesville address, *see* Certificate of Service at 1, No. 24-bk-12430 (Bankr. E.D. Pa. July 18, 2024). And in her appeal before Judge Diamond, the proper Coatesville, PA, address appears on the docket, reflecting that Ms. Mason was being served there—in addition to via e-mail. *See generally* No. 24-cv-3120 (E.D. Pa.).

This is only to say that the filing issue discussed above was not such an extreme miscarriage of justice or extraordinary circumstance as to permit this Court to vacate a judgment from another

case.[3] *See Beggerly*, 524 U.S. at 47. Ms. Mason may still file a motion to vacate the judgment in Case No. 24-cv-4793 under Rule 60(b), **but is directed to file such a motion on the docket for Case No. 24-cv-4793**.

### III. CONCLUSION

For the reasons discussed above, this Court will **DISMISS** the Petition for a Writ of Habeas Corpus and **DENY** both the Petition for a Writ of Mandamus and the Motion to Vacate a Judgment (ECF No. 7). With all issues resolved, the request for a virtual hearing (ECF No. 8) is denied as moot. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[3] Furthermore, there does not appear to be any evidence that filings were intentionally withheld. Additionally, Ms. Mason has not supplied any evidence of fraud in the foreclosure action before the Court of Common Pleas of Chester County, *see* ECF No. 7 at 10, to the extent that this Court is even able to review that state court judgment. *See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).